UNITED STATES DISTRICT COURT DISTRICT OF
MASSACHUSETTS

Docket Number: 04-10482-MEL

Gregory C. Milton
    Plaintiff, Pro'Se

V.

OFFICER Windell Jonsiey
OFFICER Sergeant Garcia
OFFICER Harry F. Scales
OFFICER Badge Number # 1762
The Boston Police Department et. al.
and the City of Boston,
    Defendants

## MOTION FOR WRIT OF MANDAMUS

1. On or about May 15, 1988 and again on 07/13/1990 Plaintiff (Milton) was falsely arrested and brutalized by officers, Windell Jones, Sergaent Garcia, and badge number # 1762 during May, 15 1988 my co-defendant was Robert (Gus) Williams...See Miranda v. Clark County, Nevada, 279 F.3d 1102 (9th Cir. 2002 ), reh'g-1:2 see Miranda v. Munoz, 770 F.2d 255 (1st Cir.1985)-4:13. The Federal Civil Rights Acts, 42 U.S.C. sections 1981-1988-1983 Monroe v. Pape, 365 U.S. 167 (1961) United States v. Classic, 313 U.S. 299,326 (1941). See also Mc Dade v. West, 223 F.3d 1135, 1139-41 (9th cir.2000). State employee who accesses confidential information through a goverment-owned computer database acts "under color of state law"); United states v. Walsh, 199 F.3d 37, 51 (2d cir. 1999) (The revelant question...is not whether the actual abuse was part of the defendant's official duties but, rather, whether the abuse was made possible only because the wrongdoer is clothed with the authority of state law"). See Figueroa v. Rivera, 147 F.3d 77,80,81(1st cir. 1988) See Daniels v. Williams 474 U.S. 327 (1986).v. see also Davidson v. Cannon, 474 U.S. 344 (1986). Parrat v. Taylor,451 U.S. 527 (1981). Fontana v. Haskin, 262 F.3d 871,878, n.5 (9th cir.2001) (noting split in circuts on the issue and concluding that " the Fourth Amendmant
protects a criminal defendant after arrest on the trip to the police station"); Hill v. Algor, 65 F.Supp. 2d 391,402 403 (D.N.J. 2000). Broner v.county of Inyo,989 U.S. 593, 596-597 (1989)(Fourth Amendment Seizure Occurs only when there is a governmental termination of freedom of movement
through means intentionally applied). See also Moran v. Clarke, 296 F.3d 638,646(8th cir 2002) (en banc) See Petta v. Rivera, 143 F.3d 895,901 (5th cir 1998) but see Cruz-Erazo v.Rivera Montanez,212 F.3d 617, 622 (1st cir. 2000) See Armstrong v.Sqaudrito, 152 F.3d 564,577,581 (7th cir.1998) (question of deliberate indifference is for jury but judge decides, based on "totality of circumstances", Whether, there has been violation of substantive due process); Boveri v. Town of Saugus , 133 F.3d 4,6 (1st cir. 1997) (whether conduct is conscience-shocking is question for jury); Johnson v. Freeburn, 2002 WL 1009572 at *4, 5* (E.D. Mich. 2002) (question for judge). Shrum ex rel. Kelly v. Kluck, 249 F.3d 798, 810 (3d cir. 2000) See Brown v. Nations Bank Corp., 188F.3d 579, 592 (5th cir .1999) Cite as: Johnson v. Avery 156 N.C.App.427,577 S.E. 2d 717,2003 WL 722183 (N.C.App.)).

2.On or about May 15, 1988 Plaintiff (Milton) Was falsely arrested and brutalized by the above stated officers, and again on 07/13/90...On 07/14/90 Plaintiff filed a complaint with area B-2 internal affairs. (Please review the records from area B-2 internal affiars). See Spencer v. Kemna 118 S.ct 978 (1998) Torres Ramirez v. Bermudez Garcia, 898 F.2d 224 (1st cir 1990) (Statute tolled because local jurisdiction also required tolling for fraudulent consealment). See Felder v. Casey, 487 U.S. 131 (1988). Consideration Should be given to federal Freedom of Information Act, 5 U.S.C.A. Section 552, et seq. Counterparts in sercuring information from goverment agencies. These acts provide for disclosure independent of any pending litigation. See, e.g. Lissner v.u.s. customs services,241 F.3d 1220 (9th cir. 2001) Guyer v. city of Kirkwood, 38 S.W. 3d 412 (MO.2001) (disclosure of internal affairs report under state "Sunshine Law"). As A tactical matter it is often helpful to take the defendant police officers' desposition or otherwise pin down thier version of the events before your client is desposed or is otherwise compelled to articulate the specifics of his cliam. Police are well accustomed to molding their testimony to responed to the most damaging aspects of the pliantiff's case and they will be given an added advantage if armed with the full factual allegations before htey must commit themselves to a perticular defense theory. On 07/14/90, Plaintiff Filed a complaint with area B-2 internal affiars. See Wood v. Breier, 59 F.R.D. 7 (E.D. Wis.1972). See also Frankenhauser v. Rizzo, 59 F. R.D. 339 (E.D. P.A. 1973) wood and Frankenhauser established early that police files should be routinely provided in police misconduct litigation. The courts have consistently ordered production of the infromation gathered in police investigations of alleged criminal activity and have repeatedly held that section 1983 claims required complete and generous discovery. See also Fletcher v. O'Donnell, 867 F.2d 791 (2nd cir.1989) admissibility of evidence concerning proir complaints of police misconduct), Kelly v. City of San Jose 114 F.R.D. 655 (N.D. Cal 1987). The police investion file and related documents are usually generated as a routine administrative practice and not in anticipation of litigation. Accordingly objections by defendants on work-product or Attorney-Client privilege are " palpably inapplicable."
Frankenhauser v. Rizzo, 59 F.R.D. 339 , 341-42 ns. 4, 5 ( E.D. Pa. 1973 ). More over, where discovery is revelant to municipal liability, the Frankhauser Factors cut even more strongly in favor of the plaintiff, since evaluative materials is often a key component of the municipial claim. Torres v. Kuzniasz, 936 F. Supp. 1201 (D.N.J. 1996) Vann v. City of New York, 72 F.3d 1040 (2d cir. 1995) (admissibility of prior complaint against th e defendant officer). See Chambers v. Mississippi. See also R.I.C.D. Conspiracy act of ("1970"). See KIng v. Conde, 121 F.R.D. 180 (E.D.N.Y. 1988) See Wharton rule. See also Ismail v. Cohen,899 F.2d 183 (2nd cir. 1990)(no error in the addmission of evidence that defendent police officer had committed misconduct similar to that allged in the case in a incident that occured soon after the incident at issue); See also Smith v.Mattox, 127 F.2d. 1416, 1419-20 (11th cir 1997). Baxtrom v.Herold 383 U.S. 107 86 S. CT 760 (Equal Protection Clause). (If the justice system is set up on an equity basis, where is the fair minded impartiality in making the unilateral decision to persecute Plantiff (Milton), while in the same process allowing the defendant officers to get away scot free). See Wallace v. Mulholland, 957 F2d 333 (7th cir 1992) See Dokcet No: 0306MH0150 (I am currently locked down in a D.M.H. faucility called Lemuel Shattick Hospital. But my commitment is invalid becuase of the false arrest and brutality incidents of May 15, 1988 and 07/13/90.Spell v. McDaniel 824 F.2d 1380 (4th Cir. 1987 ) You can't conquer a
Mountain from the top. You have to start at the base of the Mountain and then gradually work your way toward the summit or the peak! In an analogous context you can't solve a problem from the middle you have to start at the begining of the problem in order to reach a final solution...Fourth Amendment, Elkins v. United States, Mapp v. Ohio, Link Letter v. Walker, the rule war was characterized as "an effective deterrent to illegal police action", while in Terry v. Ohio. The court stressed that the rules "major thrust is a deterrent one". But the rule serves other purposes as well. But it is nonetheless true that the reach of the exclusionary rule may be affected by what are seen
as its purposes, as is illustrated by UNITED STATES v. CALANDRA...See Moran v. Clarke, 296 F.3d 638 ( 8th Cir. 2002 ) ( conspiracy to manufacture and manufacturing, false evidence violates substantive due process rights. ) See Rowe v. Fort lauderdale , 279 F.3d 1271 (11th Cir. 2002 )

( investigator's planting or fabricating evidence in an effort to obtain a conviction violates clearly established law. );See also Paine v. Lompoc, 265 F.3d 975 ( 9th Cir. 2001 ) ( "Absolute witness immunity for committing perjury and conspiracy to commit perjury does not shield officers from none-testimonial acts such as fabricating evidence." ) See Rodriguez v. California Highway Patrol, 89 F. Supp. 2d 1131 ( N.D. Cal 2000 ) ; ( Racial Profiling ) Adducing Hampton v. Hanrahan , 600 F.2d ( 7th Cir. 1979 ) In N.A.A.C.P. v. Claireborne Hardware Co., 458 U.S. 886, 929 ( 1982 ) , the Supreme court, in reversing a civil conspiracy judgement against the N.A.A.C.P. for boycotting white business, ruled that one who has knowledge of unlawful conduct. under this theory , officers ( and particularly supervisory officials ) who engage in a cover-up of police abuse should be held accountable, Since this kind of specific cover-up conduct certainly ratifies the earlier wrongful acts.
(The Boston Police omitted evidence that they made two arrests for plaintiff ( Milton ) during F.Y. 1988 and 07/13/1990 ). See Franklin v. Terr ,201 F.3d 1098, 1102 ( 9th Cir. 2000 ) and cases cited therein. The second circuit has declined to afford immunity to this conspiracy claim. See Dory v. Ryan, 25 F.3d 81, 84 ( 2d Cir. 1994 ). Paul v. Davis a plaintiff must prove a distint alteration or extinction of a previously recognized right or status. ( I lost my job at Blanchard Abrasives 77 Fawcett St. Cambridge Ma.) See Bell v. City of Milwaukee, 746 F.2d  1205 , 1260-65 ( 7th Cir. 1984 ) (Conspiracy under section 1985 found where plaintiff proved that racial discrimination was an
operative factor in the cover-up ); 708 F.2d 967 65th ( 5th Cir. 1985 ) Probable cause  "Fellow officer rule." United States v. Zurosky 614 F.2d 779, 786 ( 1st Cir. 1979 ) The anticipated move away from sole reliance upon the voluntariness test occurred in Escobedo v. Illoinois, suppressing the defendants confession because it was  obtained in violation of his right to counsol at the time of interrogation. Miranda is most often invoked in confession supression hearing, and thus the emphasis in this chapter is upon the basis and meaning of that decision. In a civil action brought by  the assignee of a police officer's right to indemnification by the Commonwealth under G.L. c. 258, Section 9A  for financial loss resulting from a judgement in a Federal court  against the officer for his violation of 42 U.S.C. Section 1983 (1982), the judge erred in granting the Commonwealth motion for summary judgement where there were two unresolved issues of material fact: whether the police officer had acted within the scope of his official duties within the meaning of Section 9A [694-696]; and then whether he had acted in a "willfull, wanton, or malicious" manner within the meaning of Section 9A, so as to bar indemnification [696].LYNCH, J., disseting, with whom O'CONNER, J., joined. CITE: 402 Mass. 687 ALAN PINSHAW vs. METROPOLITAN DISTRICT COMMISSION. See People v. Kelly, 62 N.Y. .2d 516, 520 (1984) ("A necessary corollary of the duty to disclose is the obligation to preserve evidence until a request for disclosure is made") To hold otherwise would allow the commonwealth's duty to disclose exculpatory evidence before prosecution begins or before defendants hear of existence."

3. On or about May 15, 1988 and again on 07/13/90 Defendants supervisor is liable for the actions of Windell Jones, Segeant Garcia, Harry F. Scales, Officer Badge # 1762 pursuant to 42 U.S.C.A. Section 1983.

PRAYERS FOR RELIEF

1. Plaintiff prays this Honerable court to grant a preliminary injunction pursuant to Federal Rule of civil Procedure 65(a), and the injunction is to be issued against the defendants ordering them to turn over there police files to this Honerable court and the address of Robert (Gus) Williams, for the F.Y. May 15, 1988 and F.Y. 1990 false arrests and brutality incidents. Preiser v. Rodriguez 411 U.S. 475 (1973). (Injunctive relief).

2. Plaintiff prays this Honerable court to grant punitive and compensatory damages in the Amount of 60 Million Dollars Pursant to Mass. Tort Claims Act. Title 42 U.S.C. 1983, 1985, 1986,1988(b) title VI of the Civil rights Act of the 1964 [42 U.S.C.A. Section 2000d et. seq.] or Section 13981 of this title and 28 U.S.C. Section 1343,1331 and 1332.

3.WHEREFORE, the pliantiff request this court: to award the damages and grant injuntive relief

*Gregory Milton*
THE PLIANTIFF

Gregory C. Milton
Lemuel Shattuck Hospital
170 Morton street
Jamaica Plain MA, 02130
ssPhone: 617-524-9499