UNITED STATES DISTRICT COURT, DISTRICT OF
MASSACHUSETTS

Gregory C. Milton
    Plaintiff Pro'Se

Civil Action No.

v.

Windell Jonsiey, et al.
    Defendants

**04-11462 RGS**

MAGISTRATE JUDGE

## MOTION FOR WRIT OF MANDAMUS

(1.) On or about May 15, 1988 and again on 7/13/1990 plaintiff ( Milton ) was falsely arested and brutalized by officers Windell Jones, Sergeant Garcia, Harry F. Scales, and badge number # 1762 Mahoney v. Kersey, 976 F.2d 1054 ( 7th cir. 1992 ). the court considered the issue of whether an officer could claim that there was probable cause to believe that probable cause existed to arrest. Wollin v. Gondert, 192 F.3d 616, 621 ( 7th cir. 1999 ) ( noting in an unlawful arrest context, when officer actually had probable cause or, if there was no probable cause, whether there was " arguable
probable cause ) Habiger v. City of Fargo, 80 F.3d 289,295 ( 8th cir. 1996 ) ( where unlawful arrest alleged, issue for qualified immunity is not probable cause in fact, but arguable probable cause ). See e. g., Washington v. Harper 494 U.S. 210, 221-22 ( 1990 ) ( Involuntary administration of antipsychotic drugs ). Vitek v. Jones, 445 U.S. 480 (1980) ( Involuntary commitment to a mental hospital ). See W. Roxbury District Court DKT: 0306MH0150; Graham v. Connor, 490 U.S. 386 ( 1989 ) ( police use of force against persons at liberty must be analyzed under Fourth Amendment , not substantive due process principles ). See Albright v. Oliver , 510 U.S. 266 ( 1994 ) (rejecting
substantive due process claim for malicious prosecution ). Lee v. City of Los Angeles, 250 F.3d 668
( 9th cir. 2001 ). ( Alleged reckless intentional and deliberate acts and omissions of defendants were sufficient to constitute interference with First and Fourteenth Amendment rights of misidentified incarcerated mentally disabled son and mother to familial association ). Hampton V. Hanrahan, 600 F.2d 600, 620-24 ( 7th cir. 1979 ) (citations omitted ). Paul v. Davis 424 U.S. 693 ( 1976 ) Siegert v. Gilley 500 U.S. 226 ( 1991 ) ( Plaintiffs mental illness is a matter of opinion ). Bauer v. Norris 713 F.2d 408 ( 8th Cir. 1983 ) ( Where plaintiff did not physically threaten the officer
, held that any force used was excessive ). Feemster v. Dehntjer, 661 F.2d 87, 89 ( 8th Cir. 1981 ).
The Eleventh Circuit has held that there is no separate claim for excessive force where the conclusion that no force was required is based on the fact that the original arrest or stop was unlawful. The damages caused by the use of force are awarded in the claim for the false arrest or illegal stop. Jackson v. Sauls, 206 F.3d 1156 ( 11th Cir. 2000 ). Petta v. Rivera, 143 F.3d 895 ( 5th Cir. 1998 ) ( Under Hudson there is no severe injury requirement for a substantive due process excessive force claim ); Lambert v. City of Dumas, 187 F.3d 931 ( 8th Cir. 1999 ) ( necessary level
of injury is " actual injury," single small cut of eyelid and small scrapes of knee and leg suffice );

Lee v. Ferraro, 894 F.3d 1188 ( 11th Cir. 2002 ) ( rejecting argument that use of excessive force was de minimus when officer slammed plaintifffs head against trunk of car after she was arrested and handcuffed on charge of honking horn. ); Nolin v. Isabell, 207 F.3d 1253 (11th Cir. 2000 ) However,
prior to Graham other courts had analyzed excessive force claims as Fourth Amendment violations
See Martin v. Gentile, 849 F.2d 863 ( 4th Cir. 1988 ); Martin v. Malhoyt, 830 F.2d 237 ( D.C. cir. 1987 ) Lester v. Chicago, 830 F.2d 706 ( 7th Cir. 1987 ) ( Officers subjective state of mind irrelevant;
no proof of malice or evil intent or motivation to establish claim );See also United States v. Johnstone, 107 F.3d 200, 205 ( 3d Cir. 1997 ) ( Holding that under the circumstances of the case, excessive force took place during " arrest," even though plaintiffs were already in hand cuffs ).
( Officers Jones And # 1762 Are both cowards by Plaintiff ( Milton's ) Standards )

( 2.) On or about May 15 ,1988 and again on 7/13/1990 plaintiff was falsely arrested and brutalized
by Officers Windell Jones ,Sergeant Garcia , Harry F. Scales, and badge number # 1762. Plaintiff filed a formal complaint with area B-2 internal affairs on 7 / 14 / 1990 against the above stated Officers. See Caputo v. Boston Edison Co. Cite as 924 F.2d 11 ( 1st Cir. 1991 ) ( Intentional infliction of emotional distress) ( Plaintiff ( Milton ) was working at Blanchard Abrasives to Buy a House ,car, and marry his girl friend from somerville named ms. Paula Mendes. ) See M.G.L. c. 15
( Emotional Distress ) In 1976 in Agis v. Howard Johnson Co., 371 Mass. 140, 355 N. E. 2d 315 ( 1976 ), the Massachusetts court held for the first time that one " who, by extreme and outrageous conduct and without privilege, causes severe emotional distress to another is subject to liability for such emotional distress even though no bodily harm may result." Id. 355 N. E. 2d at 318. See also
 annotation, Modern status of intentional infliction of Mental distress as independence Tort; " Outrage," 38 A.L.R. 4th 1022 ( 1990 ) ( Indirectly plaintiff lost his Brazilian girlfriend Ms. Paula Mendes, of somerville as a result of the F.Y. May 15, 1988 false arrest and brutality incident. Plaintiff then relapsed into recidivism and landed back in jail and Mendes then rejected Plaintiff ( Milton ); See Commonwealth v. Mc houl , jr ( 1967 ). Ayala-Martinez v. Anglero, 982 F.2d 26 ( 1st Cir. 1992 ) ( egregiousness standard not met, despite the fact that defendant fabricated charges against plaintiff in order to justify injuries police officers gave him in a beating ); Morales v. Ramirez,
906 F.2d 784 ( 1st Cir. 1990 ) ( Egregiousness standard not met ); Whatley v. Philo , 817 F.2d 19 ( 5th Cir. 1987 ) ( for cause of action under section 1983, misuse of legal process must be egregious );Thorton v. City of Macon , 132 F.3d 1395 ( 11th Cir. 1998 ) ( Officer engaged in unlawful arrest was not in lawful discharge of his duties and thus had no probable cause to arrest plaintiff for " obstruction of law enforcement officer." ); See Monroe v. Pape ,365 U.S. 167, 183 ( 1961 ) W. Roxbury District Court Docket No: 0306MH0150...Compare Jensen v. Lane County, 222 F.3d 570,
575, 576 ( 9th Cir. 2000 ) ( Where private psychiatrist and county had " complex and deeply intertwined process of evaluating and detaining individuals who are believed to be mentally ill and a danger to themselves or others[,] " psychiatrist conduct constituted state action ).

( 3.) On or about May 15, 1988 and again on 07 / 13 / 1990 Defendants supervisor is liable for the actions of Windell jones, Sergeant Garcia, Harry F. Scales, Officer Badge # 1762 pursuant to 42 U.S.C.A. Section 1983.

### PRAYERS FOR RELIEF

( 1.) Plaintiff prays this Honorable court to grant a preliminary injunction pursuant to Federal Rule of
Civil Procedure 65(a), and the injunction is to be issued against the defendants ordering them to turn over there police files to this Honorable court and the address of Robert ( Gus ) Williams, for the F.Y. May 15, 1988 and F.Y. 7 / 13 / 90 false arrests and brutality incidents.See, e.g., Hague v. C I O, 307 U.S. 496 ( 1939 ) ( Injunctive relief ).

( 2.) Plaintiff prays this Honorable court to grant punitive and compensatory damages in the amount of 60 Million Dollars Pursuant to Mass. Tort Claims Act. Title 42 U.S.C. Sections 1983, 1985, 1986,
1988(b) Title VI of the Civil rights Act of 1964 [ 42 U.S.C.A. Section 2000d et. seq. ] or Section 13981 of this Title and 28 U.S.C. Section 1343, 1331 and 1332.

( 3.) WHEREFORE, the plaintiff request this court: to award the damages and grant injunctive relief.

*Gregory Milton*
THE PLAINTIFF

Gregory C. Milton
Lemuel Shattuck Hospital
170 Morton Street
Jamaica Plain Ma 02130
ssPhone:617-524-9499