UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
GREGORY C. MILTON,             )
          Plaintiff,           )
                               )
          v.                   )  C.A. No. 04-10482-MEL
                               )
WINDELL JONSIEY, et al.        )
          Defendants.          )
```

<u>MEMORANDUM AND ORDER</u>

Now before the Court are plaintiff's (1) motion for appointment of counsel and (2) three identical motions for writ of mandamus.  For the reasons set forth below, plaintiff's motions are denied.

<u>BACKGROUND</u>

On March 9, 2004, Gregory C. Milton, a psychiatric patient at the Lemuel Shattuck Hospital Metro-Boston Inpatient Services Unit, filed his self-prepared complaint against the Boston Police Department and several Boston police officers for the alleged violation of plaintiff's constitutional rights.  <u>See</u> Complaint ("Compl."), Docket No. 2.

By Order dated May 24, 2004, the Court allowed plaintiff's Application to Proceed Without Prepayment of Fees and directed the clerk to return the complaint for screening on the merits pursuant to 28 U.S.C. § 1915(e)(2).  <u>See</u> Docket No. 8.

Now before the Court are plaintiff's (1) motion for appointment of counsel and (2) three identical motions for

writ of mandamus.  In his motions for writ of mandamus,
plaintiff seeks to have this Court require the defendants to
"turn over there (sic) police files to this Honerable (sic)
court and the address of Robert (Gus) Williams."

DISCUSSION

I.   Motion for Appointment of Counsel

Under Section 1915(e)(1) of title 28, the Court "may
request an attorney to represent any person unable to afford
counsel."  28 U.S.C. § 1915(e)(1).  However, a civil plaintiff
lacks a constitutional right to free counsel.  DesRosiers v.
Moran, 949 F.2d 15, 23 (1st Cir. 1991) (citations omitted).

In order to qualify for appointment of counsel, a party
must be indigent and exceptional circumstances must exist such
that the denial of counsel will result in fundamental
unfairness impinging on the party's due process rights.  Id.
To determine whether there are exceptional circumstances
sufficient to warrant the appointment of counsel, a court must
examine the total situation, focusing on the merits of the
case, the complexity of the legal issues, and the litigant's
ability to represent himself.  Id. at 24 (citations omitted).

This case does not present exceptional circumstances
warranting the appointment of counsel at this time.
Plaintiff's complaint is subject to screening pursuant to 28

2

U.S.C. § 1915(e)(2).  Thus, plaintiff's request for

appointment of counsel will be denied without prejudice.


II.  <u>Motions for Writ of Mandamus</u>

To the extent plaintiff seeks a writ of mandamus ordering

the Boston police defendants to provide copies of documents,

this court lacks jurisdiction over such claim.

Section 1361 of title 28 provides that:

> [t]he district courts shall have original jurisdiction of
> any action in the nature of mandamus to compel an officer
> or employee of the United States or any agency thereof to
> perform a duty owed to the plaintiff.

28 U.S.C. § 1361.

Here, the defendants are not federal officers, employees

or agencies and, as such, are not subject to the statutory

mandamus authority of this Court.  Therefore, this Court lacks

jurisdiction to entertain plaintiff's request for mandamus

relief.

The Court notes that plaintiff's motions for writ of

mandamus are brought pursuant to Rule 65(a) of the Federal

Rules of Civil Procedure.  <u>See</u> Motions, p. 3.  To obtain the

extraordinary remedy of preliminary injunctive relief,

plaintiff must show that: (1) he will suffer irreparable harm

absent the injunction; (2) the injury outweighs the harm to

the defendants if granted; (3) he is likely to succeed on the

merits of the case, and (4) the injunction does not adversely affect the public interest.  Planned Parenthood League of Mass. v. Bellotti, 641 F.2d 1006, 1009 (1st Cir. 1981); see Weaver v. Henderson, 984, F. 2d 11, 12 (1st Cir. 1993); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bishop, 839 F. Supp. 68, 70 (D. Mass. 1993) (extending four part preliminary injunction test to temporary restraining orders).

To the extent plaintiff's motions are construed as a request for a preliminary injunction, preliminary injunctions may not be issued without notice to the adverse party, and the motions do not appear to have been served on the defendants. See Fed. R. Civ. P. 65(a)(1).

More importantly, however, the Court notes that plaintiff's motions appear to be a premature attempt at discovery.  Because plaintiff's complaint is subject to screening, the motions for writ of mandamus are denied without prejudice to filing such a motion after the complaint is screened pursuant to 28 U.S.C. § 1915(e)(2).

ORDER

Accordingly, it is hereby

ORDERED, plaintiff's Motion for Appointment of Counsel (Docket No. 9) is denied without prejudice to filing such a motion after the complaint is screened pursuant to 28 U.S.C. §

1915(e)(2); and it is further

ORDERED, plaintiff's Motions FOR Writ of Mandamus (Docket Nos. 10, 11, 12) are denied; and it is further

ORDERED, the Clerk shall return the complaint to the undersigned for screening on the merits pursuant to 28 U.S.C. § 1915(e)(2).

SO ORDERED.

Dated at Boston, Massachusetts, this <u>12th</u> day of <u>July</u>, 2004.


<u>/s/ Morris E. Lasker</u>
MORRIS E. LASKER
UNITED STATES DISTRICT JUDGE