**U.S. Department of Justice**
**United States Marshals Service**

**PROCESS RECEIPT AND RETURN**
See Instructions for "Service of Process by the U.S. Marshal"
on the reverse of this form.

PLAINTIFF: Gregory C. Milton
COURT CASE NUMBER: C.A. 04-10482-MEL
DEFENDANT: Officer Badge No. 1762 et al.
TYPE OF PROCESS: Service

SERVE — NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN:
Officer Badge No. 1762 C/O Boston Police Dept.

ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code):
AT 1 Schroeder Plaza Boston MA 02120

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

Gregory C. Milton
Lemuel Shattuck Hospital
170 Morton Street 9N
Jamaica Plain MA 02130

Number of process to be served with this Form - 285: 1 defendant
Number of parties to be served in this case: 6
Check for service on U.S.A.:

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):

Boston Police HQ 617-343-4200

Attn: Internal Affairs 617-343-4320

Signature of Attorney or other Originator requesting service on behalf of: ☒ PLAINTIFF ☐ DEFENDANT
Gregory C. Milton
TELEPHONE NUMBER: 617-524-9499
DATE: 8/26/04

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted)
Total Process: 1
District of Origin No.: 38
District to Serve No.: 38
Signature of Authorized USMS Deputy or Clerk: Nancy Ialauera
Date: 8/31/04

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☒ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

Name and title of individual served (if not shown above):

[ ] A person of suitable age and discretion then residing in the defendant's usual place of abode.

Address (complete only if different than shown above):
Date of Service:
Time: am / pm
Signature of U.S. Marshal or Deputy:

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| | | | | | | |

REMARKS: [illegible handwritten notes]

PRIOR EDITIONS MAY BE USED
1. CLERK OF THE COURT
FORM USM-285 (Rev. 12/15/80)

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of __Massachusetts__

Gregory C. Milton
Plaintiff,

V.

**SUMMONS IN A CIVIL CASE**

Windell Jonsiey, et al.,
Defendants.

CASE NUMBER: C.A. No. 04-10482-MEL

TO: (Name and address of Defendant)

Officer Badge No. 1762

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Gregory C. Milton

an answer to the complaint which is herewith served upon you, within ___twenty (20)___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Tony Anastas                                                            August 24, 2004
CLERK                                                                    DATE

(By) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of     Massachusetts

Gregory C. Milton
    Plaintiff,

V.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: C.A. No. 04-10482-MEL

Windell Jonsiey, et al.,
    Defendants.

TO: (Name and address of Defendant)

Officer Badge No. 1762

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Gregory C. Milton

an answer to the complaint which is herewith served upon you, within    twenty (20)    days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Tony Anastas
CLERK

(By) DEPUTY CLERK

August 24, 2004
DATE

UNITED STATES DISTRICT COURT DISTRICT OF
MASSACHUSETTS

Gregory C. Milton
      Plaintiff, Pro' Se

v.
OFFICER Windell Jonsiey
OFFICER Sergeant Garcia
OFFICER Harry F. Scales
OFFICER Badge Number # 1762
the Boston police Department et.al.
and the city of Boston,
      Defendants.

COMPLAINT
INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. SECTION 1983 AND 1988,
and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law the Commonwealth of Massachusetts, against officer Windell jones, officer Sergeant Garcia, officer Harry F. Scales and officer badge number # 1762, police officers of the city of Boston, in their individual capacities and against the city of Boston. Jurisdiction is based upon 28 U.S.C. SECTION 1331 and 1343, and on the pendent jurisdiction of this COURT to entertain claims
arising under state law.
2. It is alleged that the individual police officer defendants made an unreasonable seizure of the person of Gregory C. Milton, violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and that these defendants assaulted and battered Gregory C. Milton. It is further alleged that these violations and torts were committed as a result of policies and
customs of the city of Boston.

Parties

2. Gregory C. Milton was at all material times a resident of Boston, Massachusetts,and of full age.
3. Defendant officers were at all times relevant to this complaint duly appointed and acting officers
of the police department of the city of Boston, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the Commonwealth of Massachusetts and/or the city of Boston.
4.The City of Boston, Massachusetts, is a municipal corporation and the public employer of the said officers.

Facts

5. On or about May 15, 1988, at approximately 8:00 pm,Gregory C. Milton left 16 Humphrey's place
which was his then residence with his friend Robert (gus) Williams, and went to ralph liquors on Dudley street to buy two six packs of beer after work.
6.As Milton and Williams left the liquor store, they were intercepted on the corner of Monadnock and Dudley Street by officers Windell Jones and Sergeant Garcia.

7. Milton and Williams each had a six pack of beer unopened in the bag, and both were stopped by
officers Jones and Garcia.

8. Shortly thereafter, defendant police officers OFFICER Jones and OFFICER Sergeant Garcia pulled up in a marked police crusier, stopped the plaintiff (MILTON) and his friend Robert (gus) Williams purportedly to investigate our drinking in public!

9. Defendants Officer jones and Officer Sergeant Garcia arrested Williams for drinking in public. Then plaintiff (Milton) spoke out in protest of the arrest because Robert (gus) Williams had no open
containers.

10. Plaintiff Gregory C. Milton then stated "Rob dont worry as long as nothing is open they cant do any thing to you"! Defendant Officer jones then flew into a rage and said "Greg shut up im taking you in you've got a Warrant"!

11. Defendant Officer Jones then placed the hand cuffs on Plaintiff (MILTON). As soon as Milton was secured Officer Jones beat his head off a brick building on the corner of Monadnock Street and Dudley, three times and then smashed his face into the hood of a parked car.

12. The defendant Officer Jones then placed Mr. Milton in the rear of his crusier along with Robert (gus) Williams and Officer Sergeant Garcia transported us both to area-B 2 police station.

13. During the ride to area B-2 I asked Officer jones why he beat me up, He never gave me an answer.

14. Plaintiff (MILTON) was booked at area-B-2 but could not bail out because of an outstanding warrant in West Roxbury court.

15. The next morning I was arraigned in Roxbury District Court in front of a white male judge.

16. The Presiding judge asked Plaintiff Milton if he wanted to go to trial, or plead guilty to sufficient facts with a $ 75.00 fine.

17. The Presiding Judge in may f.y. 1988 in roxbury court never gave Milton a lawyer to instruct him of his rights so he was in direct violation of Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994)...

18. During the time he was in custody Plaintiff Milton lost his job as a Machine operator working for George Carlino at Blanchard Abrasives 77 Fawcett Street in cambridge.

19. While in custody Gregory C. Milton was not given any medical attention even though he had a lacerated chin.

20. Gregory C. Milton pled guilty in f.y. 1988 to sufficient facts witha $75.00 fine and was released but given no paper work and released from custody.

21. Gregory C. Milton found out that morning in f.y. 1988 that there was no outstanding warrant in west roxbury court

22. The defendant police officers had no warrant for the arrest of the plaintiff, no probable cause for the arrest of the plaintiff and no legal cause or excuse to seize the person of the plaintiff.

23. In f.y.1990 while I was standing on the corner of Virginia and Dudley Streets Officer Windell jones again for the second time ran up on me brandishing a nine millimeter pistol and instructing me to get up against the wall.

24. Because of the brutality plaintiff Gregory C. Milton experienced at the hand of OFFICER Jones during f.y. 1988 Milton did not comply and fled the scene in f.y.1990.

25. At the scene were Francis loud , Ann Davis and another girl simply known as Denise.

26. After having had fled the scene from virginia street, the plaintiff Gregory C. Milton hid in the bushes of belden street for twenty minutes, then came out to Dudley Street.

27. When I resurfaced on Dudley Street I was chased by a blue unmarked police vehicle.

28. Plaintiff Gregory C. Milton then fled again for the second time to Humphrey's Street and was pursued by the blue sedan and surrounded by many marked back up vehicles.

29. Plaintiff (MILTON) ran through several back yards and jumped at least one fence before I was abducted by the Boston Police.

30. Plaintiff (MILTON) was arrested and then transported by Boston Police to area-B-2...

31. On 07/13/90 OFFICER badge number # 1762 transported plaintiff Milton from wendover street to area-B-2 police station.

32. After reaching area-B-2 OFFICER badge number # 1762 grasped plaintiff Milton by the nape of his neck an then bashed his face off the steel booking room door lacerating his left eye!

33. After being booked and placed in a cell the EMT'S were brought in to examine Plaintiffs left eye.

Gregory C. Milton's rights.

49. It was the policy and/or custom of the city of Boston to inadequately and improperly in vestigate citizen complaints of police misconduct, including, but not limited to, the following incidents:

  a. [Omission and/or destruction of evidence pertaining to f.y.1988 and f.y. 1990 false arrests and brutality incidents]

50. It was the policy and/or custom of the City of Boston to inadequately supervise and train its police officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City did not require appropriate in-service training or retraining of officers who were known to have engaged in police misconduct.

51. As a result of the above described policies and customs, police officers of the City of Boston, including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

52. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of Boston to the constitutional rights of persons within the City, and were the cause of the violations of plaintiffs rights alleged herein.

  WHEREFORE, the plaintiff requests that this court:

    a. Award compensatory damages to plaintiff against the defendants, jointly and severally;

    b. Award costs of this action to the plaintiff;

    c. Award reasonable attorney's fees and cost to the plaintiff on counts 1 and 4 of the complaint;

    d. Award of 60 Million Dollars to Plaintiff (MILTON).

    e. Award such other and further relief as this court may deem appropriate. The plaintiff hereby demands a jury trial. Dated:03/03/2004

THE PLAINTIFF,
BY
*G. Milton* (signature)

Gregory C. Milton
Lemuel Shattuck Hospital
170 Morton Street 9 north
Jamaica Plain, Ma 02130
Phone: (617) 524-9499