UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 04-10482 MEL

| | |
|---|---|
| GREGORY C. MILTON, <u>PRO SE</u>, Plaintiff<br><br>v.<br><br>CITY OF BOSTON, HARRY F. SCALES; OFFICER SERGEANT GARCIA; WENDELL JONES, Defendants | |

**DEFENDANTS, CITY OF BOSTON, HARRY F. SCALES, "OFFICER SERGEANT GARCIA," AND WENDALL JONES' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS**

## I. FACTS

The Plaintiff, Gregory Milton was convicted in the Roxbury District Court of assault with a dangerous weapon, threatening to commit a crime and breaking and entering during the day with intent to commit a misdemeanor on October 13, 1995. He was sentenced to two and one half years in the Suffolk County House of Corrections, committed by Judge Leary. On September 29, 1997, the Plaintiff Gregory Milton, filed a petition for relief under M.G.L. c. 211 §3 from Judge Leary's order in the District Court. The Plaintiff claimed that he was falsely arrested in 1988 and 1990 by members of the Boston Police Department and claimed that his due process rights were violated. Judgment was denied without a hearing on October 3, 1997 by Justice Ireland.

On October, 15, 1997, Plaintiff, Gregory Milton, appealed the order of Associate Justice Ireland to the Supreme Judicial Court. On July 9, 1998, the Supreme Judicial Court affirmed the order of the single justice denying relief to the Plaintiff, Gregory Milton under G. L. c. 211 §3. The SJC further ordered that the Plaintiff, Gregory Milton's civil complaint, be transferred to the Superior Court in Suffolk County, <u>nunc pro tunc</u>, August 8, 1997, the date it was originally received by the SJC.

Plaintiff, Gregory Milton, filed suit on or about October 14, 1998 in Suffolk Superior Court (C.A. No. 98-04581) alleging various civil rights violations against individual members of the Boston Police Department, Harry F. Scales, Wendall Jones and "Sergeant Garcia" as well as the City of Boston. The allegations of civil rights violations against the individual police officers and the City of Boston, stem from two arrests the Boston Police Department made of the Plaintiff which occurred in 1988 and 1990 respectively. Counsel for the Officers and City of Boston filed a Motion to Dismiss asserting that the Plaintiff's suit was barred by the applicable statutes of limitation. The Motion to Dismiss was granted by the Court.

The Plaintiff brings the present action pursuant to 42 U.S.C. §§1983 and 1988. (See Plaintiff's Complaint ¶1, attached as Exhibit A). Plaintiff is once again, attempting to recover for alleged civil rights violations and tortious conduct dating back to arrests made in 1998 and 1990. As the statute of limitations is three years in of each cause of action alleged, and the Plaintiff having alleged conduct by Defendants Jones, Garcia and Scales on the absolute latest day of July 13, 1990, the claims against all Defendants must each be dismissed as time-barred.

## II. ARGUMENT

### A. APPLICABLE STANDARD

A motion to dismiss is to be allowed when a Plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); McLain v. Real Estate Board of New Orleans, Inc., 444 U.S. 232, 246 (1980); Figueroa v. Rivera, 147 F.3d 77, 80 (1st Cir. 1998). In considering a motion to dismiss, the Court is obliged to accept the Plaintiff's well-pleaded facts as they appear, granting every reasonable inference in the Plaintiff's favor. Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999). This indulgence, however, does not require the

Court to credit bald assertions, unsubstantiated conclusions or outright vituperation. Correa-Martinez v. Arrillaya-Belendez, 903 F.2d 49, 52 (1st Cir. 1990).

**B. THE PLAINTIFF'S CLAIMS AGAINST ALL DEFENDANTS ARE BARRED BY THE APPLICABLE STATUTES OF LIMITATION**

Regarding the federal civil rights allegations, 42 U.S.C. §1983 does not contain a built-in statute of limitations, and the forum state's limitation period governing personal injury causes of action applies. McIntosh v. Antonino, 71 F.3d 29, 33 (1st Cir.1995); Wilson v. Garcia, 471 U.S. 261, 276-80 (1985). Massachusetts prescribes a three-year statute of limitations for personal injury actions. See G.L. c. 260, § 2A.

In the case of each of the common-law torts alleged, G.L. c. 260 §2A provides: "Except as otherwise provided, actions of tort, actions of contract to recover for personal injuries, and actions of replevin, shall be commenced only within three years next after the cause of action accrues." Therefore, Counts II and III of Plaintiff's complaint, which allege intentional torts, should again be dismissed as a matter of law as they were in Plaintiff's previous case.

In the case at hand, Plaintiff, Gregory Milton, alleges that members of the Boston Police Department falsely arrested him in two different instances. The first alleged false arrest occurred on May 15, 1988, while the second alleged false arrest occurred on "7-13-90." (See Plaintiff's Complaint ¶¶ 5 and 31, attached as Exhibit A). Plaintiff, in his Pro Se Complaint makes further allegations which, if liberally construed, could allege torts of assault and battery, false arrest and false imprisonment. (See Plaintiff's Complaint ¶¶ 42 and 45, attached as Exhibit A). In each instance, the statute of limitations is set at three years. (See M.G.L. c. 260 §2A). In the case at hand, Mr. Milton had knowledge of the essential elements of his civil rights claim on the day of his

3

last arrest by the Boston Police Department on July 13, 1990. Thus, the Plaintiff, Gregory Milton's cause of action began to accrue on July 13, 1990.

The Plaintiff's action was filed over fourteen years after his last alleged arrest by the Boston Police Department. Consequently, the Plaintiff Gregory Milton filed his Complaint over eleven years past the three-year statute of limitations law stated in M.G.L. c. 260 §§2 and 5B. Thus, since Plaintiff, failed to bring his action within the three-year time period set by the Massachusetts General Laws, his Complaint must be dismissed with prejudice.

### III. CONCLUSION

*Wherefore,* For the foregoing reasons, the Defendant's motion should be allowed and the Plaintiff's complaint be dismissed with prejudice as to the Defendants, City of Boston, Harry F. Scales, "Sergeant Garcia," and Wendall Jones.

Respectfully submitted,

DEFENDANTS, CITY OF BOSTON, HARRY SCALES, "OFFICER SERGEANT GARCIA" & WENDELL JONES

Merita A. Hopkins
Corporation Counsel

By their attorney:

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true Copy of the above document was served Upon the attorney of record for each Party by mail at 170 Morton Street, Jamaica Plain, MA  02130.

| | |
|---|---|
| 10/5/04 | /s/ Margaret H. Sanel |
| Date | Margaret H. Sanel |

/s/Margaret H. Sanel
Margaret H. Sanel
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4936
BBO#  648701