UNITED STATES DISTRICT COURT DISTRICT OF
MASSACHUSETTS

Gregory C. Milton
        Plaintiff, Pro' Se

v.
OFFICER Windell Jonsiey
OFFICER Sergeant Garcia
OFFICER Harry F. Scales
OFFICER Badge Number # 1762
the Boston police Department et.al.
and the city of Boston,
        Defendants.

## COMPLAINT
## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. SECTION 1983 AND 1988,
and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law the Commonwealth of Massachusetts, against officer Windell jones, officer Sergeant Garcia, officer Harry F. Scales and officer badge number # 1762, police officers of the city of Boston, in their individual capacities and against the city of Boston. Jurisdiction is based upon 28 U.S.C. SECTION 1331 and 1343, and on the pendent jurisdiction of this COURT to entertain claims
arising under state law.
2. It is alleged that the individual police officer defendants made an unreasonable seizure of the person of Gregory C. Milton, violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and that these defendants assaulted and battered Gregory C. Milton. It is further alleged that these violations and torts were committed as a result of policies and
customs of the city of Boston.

### Parties

2. Gregory C. Milton was at all material times a resident of Boston, Massachusetts,and of full age.
3. Defendant officers were at all times relevant to this complaint duly appointed and acting officers
of the police department of the city of Boston, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the Commonwealth of Massachusetts and/or the city of Boston.
4.The City of Boston, Massachusetts, is a municipal corporation and the public employer of the said officers.

### Facts

5. On or about May 15, 1988, at approximately 8:00 pm,Gregory C. Milton left 16 Humphrey's place
which was his then residence with his friend Robert (gus) Williams, and went to ralph liquors on Dudley street to buy two six packs of beer after work.
6.As Milton and Williams left the liquor store, they were intercepted on the corner of Monadnock and Dudley Street by officers Windell Jones and Sergeant Garcia.

7. Milton and Williams each had a six pack of beer unopened in the bag, and both were stopped by
officers Jones and Garcia.

8. Shortly thereafter, defendant police officers OFFICER Jones and OFFICER Sergeant Garcia pulled up in a marked police crusier, stopped the plaintiff (MILTON) and his friend Robert (gus) Williams purportedly to investigate our drinking in public!

9. Defendants Officer jones and Officer Sergeant Garcia arrested Williams for drinking in public. Then plaintiff (Milton) spoke out in protest of the arrest because Robert (gus) Williams had no open containers.

10. Plaintiff Gregory C. Milton then stated "Rob dont worry as long as nothing is open they cant do any thing to you"! Defendant Officer jones then flew into a rage and said "Greg shut up im taking you in you've got a Warrant"!

11. Defendant Officer Jones then placed the hand cuffs on Plaintiff (MILTON). As soon as Milton was secured Officer Jones beat his head off a brick building on the corner of Monadnock Street and Dudley, three times and then smashed his face into the hood of a parked car.

12. The defendant Officer Jones then placed Mr. Milton in the rear of his crusier along with Robert (gus) Williams and Officer Sergeant Garcia transported us both to area-B 2 police station.

13. During the ride to area B-2 I asked Officer jones why he beat me up, He never gave me an answer.

14. Plaintiff (MILTON) was booked at area-B-2 but could not bail out because of an outstanding warrant in West Roxbury court.

15. The next morning I was arraigned in Roxbury District Court in front of a white male judge.

16. The Presiding judge asked Plaintiff Milton if he wanted to go to trial, or plead guilty to sufficient facts with a $ 75.00 fine.

17. The Presiding Judge in may f.y. 1988 in roxbury court never gave Milton a lawyer to instruct him of his rights so he was in direct violation of Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994)...

18. During the time he was in custody Plaintiff Milton lost his job as a Machine operator working for George Carlino at Blanchard Abrasives 77 Fawcett Street in cambridge.

19. While in custody Gregory C. Milton was not given any medical attention even though he had a lacerated chin.

20. Gregory C. Milton pled guilty in f.y. 1988 to sufficient facts witha $75.00 fine and was released but given no paper work and released from custody.

21. Gregory C. Milton found out that morning in f.y. 1988 that there was no outstanding warrant in west roxbury court

22. The defendant police officers had no warrant for the arrest of the plaintiff, no probable cause for the arrest of the plaintiff and no legal cause or excuse to seize the person of the plaintiff.

23. In f.y.1990 while I was standing on the corner of Virginia and Dudley Streets Officer Windell jones again for the second time ran up on me brandishing a nine millimeter pistol and instructing me to get up against the wall.

24. Because of the brutality plaintiff Gregory C. Milton experienced at the hand of OFFICER Jones during f.y. 1988 Milton did not comply and fled the scene in f.y.1990.

25. At the scene were Francis loud , Ann Davis and another girl simply known as Denise.

26. After having had fled the scene from virginia street, the plaintiff Gregory C. Milton hid in the bushes of belden street for twenty minutes, then came out to Dudley Street.

27. When I resurfaced on Dudley Street I was chased by a blue unmarked police vehicle.

28. Plaintiff Gregory C. Milton then fled again for the second time to Humphrey's Street and was pursued by the blue sedan and surrounded by many marked back up vehicles.

29. Plaintiff (MILTON) ran through several back yards and jumped at least one fence before I was abducted by the Boston Police.

30. Plaintiff (MILTON) was arrested and then transported by Boston Police to area-B-2...

31. On 07/13/90 OFFICER badge number # 1762 transported plaintiff Milton from wendover street to area-B-2 police station.

32. After reaching area-B-2 OFFICER badge number # 1762 grasped plaintiff Milton by the nape of his neck an then bashed his face off the steel booking room door lacerating his left eye!

33. After being booked and placed in a cell the EMT'S were brought in to examine Plaintiffs left eye.

34. Plaintiff (MILTON) after getting stitches then called his mother who came and bailed him out for $25.00...
35. On 07/14/90 I filed a formal complaint with internal affairs area-B-2 against the aforementioned OFFICERS.
36. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the
said events.
37. As a direct and proximate result of the said acts of the defendant Officers, the plaintiff Gregory C. Milton suffered the following injuries and damages:
 a..Violation of his constitutional rights under the fourth and fourteenth amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;
 b. Loss of his physical liberty;
 c. Physical pain and suffering and emotional trauma and suffering, requiring the expenditure of money for treatment.
38. The actions of the defendant Officers violated the following clearly established and well settled federal constitutional rights of Gregory C. Milton:
 a. Freedom from the unreasonable seizure of his person;
 b. Freedom from the use of excessive, unreasonable and unjustified force against his person.

## COUNT 1
### 42 U.S.C. section 1983 Against Individual Defendants

39. Paragraphs 1 through 38 are incorporated herein by reference as though fully set forth.
40. Plaintiff Milton claims damages for the injuries set forth above under 42 U.S.C. section 1983 against defendants Officer Jones, Sergeant Garcia, and badge number # 1762 for violation of his constitutional rights under color of law.

## COUNT 2

### Assault and Battery Against Individual Defendants

41. Paragraphs 1 through 38 are incorporated herein by reference as though fully set forth.
42. Defendants Officer jones, Sergeant Garcia, and badge number # 1762 assaulted and battered Gregory C. Milton.
43. As a result of this assault and battery, plaintiff Milton suffered damages aforesaid.

## COUNT 3

### False Arrest and Illegal imprisonment Against Individual Defendants

44. Paragraphs 1 through 38 are incorporated herein by reference as though fully set forth.
45. Defendants Officer Jones, Sergeant Garcia, and badge number # 1762 illegally arrested and illegally imprisoned Gregory C. Milton.
46. As a result of this false arrest and illegal imprisonment, the plaintiff suffered the damages as aforesaid.

## COUNT 4

### 42 U.S.C. SECTION 1983 Against City of Boston

47. Paragraphs 1 through 38 are incorporated herein by reference as though fully set forth.
48. Prior to 07/13/1990, the City of Boston developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Boston, which caused the violation of

Gregory C. Milton's rights.

49. It was the policy and/or custom of the city of Boston to inadequately and improperly investigate citizen complaints of police misconduct, including, but not limited to, the following incidents:

   a. [Omission and/or destruction of evidence pertaining to f.y.1988 and f.y. 1990 false arrests and brutality incidents]

50. It was the policy and/or custom of the City of Boston to inadequately supervise and train its police officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City did not require appropriate in-service training or retraining of officers who were known to have engaged in police misconduct.

51. As a result of the above described policies and customs, police officers of the City of Boston, including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

52. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of Boston to the constitutional rights of persons within the City, and were the cause of the violations of plaintiffs rights alleged herein.

WHEREFORE, the plaintiff requests that this court:

   a. Award compensatory damages to plaintiff against the defendants, jointly and severally;
   b. Award costs of this action to the plaintiff;
   c. Award reasonable attorney's fees and cost to the plaintiff on counts 1 and 4 of the complaint;
   d. Award of 60 Million Dollars to Plaintiff (MILTON).
   e. Award such other and further relief as this court may deem appropriate. The plaintiff hereby demands a jury trial. Dated: 03/03/2004

THE PLAINTIFF,
BY
*G. Milton*

Gregory C. Milton
Lemuel Shattuck Hospital
170 Morton Street 9 north
Jamaica Plain, Ma 02130
Phone: (617) 524-9499