**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

C.A. No. 04-10482MEL
10/12/04

Gregory C. Milton, <u>PRO'SE,</u>
        Plaintiff

v.

CITY OF BOSTON , HARRY F. SCALES;
OFFICER JOSE GARCIA; WINDELL JOSEY;
OFFICER PAUL JOYCE,
        Defendants

**MEMORANDUM**

The plaintiff's claims against all defendants are not barred by the applicable statutes of limitation.

Plaintiff Gregory C. Milton was never given an attorney in violation of Heck v. Humphrey, 114 S.Ct.

2364, 2370-71 ( 1994 ). Thus, the first question before us is when the limitations period began to

run. Although the applicable state statute of limitations supplies the lenghth of the limitations

period in a Section 1983 action, the time of accrual of the cause of action is a matter of federal law.

See Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 955 ( 4th Cir. 1995 ) ( en banc ),

cert. denied, 116 S. Ct. 1273 (1996). See Brooks v. City of Winston-Salem, 85 F.3d 178, 181 ( 4th

Cir. 1996 ). ( Statute begins to run upon favorable termination ); However, allegations that an arrest

made pursuant to a warrant was not supported by probable cause, or claims seeking damages for

the period after legal process issued, are analogous to the common-law tort of malicious

prosecution. Heck, 114 S.Ct. at 2371; Calero-Colon, 68 F.3d at 4; Singer, 63 F.3d at 117. Under

Heck, Brooks maintains, a cause of action alleging an unconstitutional seizure accomplished by a

warrantless arrest without probable cause does not accrue until the proceedings against the

accused are terminated in his favor.

In Heck, the Supreme Court held:

[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other

harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a

section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal,

expunged by executive order, declared invalid by a state tribunal authorized to make such

determination, or called into question by a federal court's issuance of a writ of habeas corpus....

Because Section 1983 actions seeking damages for unconstitutional arrest or confinement imposed

pursuant to legal process- -claims most analogous to the common- law tort of malicious

prosecution- - must allege and prove a termination of the criminal proceedings favorable to the

accused, such claims do not accrue until a favorable termination is obtained. Heck, 114 S.Ct. at

2371; Morrison v. Jones, 551 F.2d 939, 940- 41 ( 4th Cir. 1977 ); accord Simpson, 73 F3d at 136

n.4; Calero- Colon, 68 F.3d at 3-4; Singer, 63 F.3d at 117-18. Having concluded that Brooks'

section 1983 malicious prosecution claims are not time barred, we turn to consider whether these

allegations state a claim upon which relief may be granted. Whatley v. Philo, 817 F.2d 19 ( 5th Cir.

1987 ) ( for cause of action under section 1983, misuse of legal process must be egregious );

Johnson v. Barker, 799 F.2d 1396 ( 9th Cir. 1986 ) ( for Constitutional claim of abuse of process or

malicious prosecution conduct of officers must be so egregious as to "shock the conscience").

### CONCLUSION

*Wherefore,* For the foregoing reasons, the Defendant's motion to dismiss should be denied with

prejudice as to the Defendants, City of Boston, Harry F. Scales, "Sergeant Jose Garcia," Windell

Jones and officer Paul Joyce...

Gregory C. Milton PRO"SE

*Gregory Milton*

10/12/04

Gregory C Milton
Lemuel Shattuck Hospital
170 Morton Street—9 North
Jamaica Plain, MA. 02130
Phone: 617- 524-9499